IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 03-11402 (KG) |
| MAGNATRAX CORPORATION, | ) | |
| | ) | |
| Reorganized Debtor. | ) | |
| _____ | ) | |

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a), Onex American Holdings, LLC ("Onex Holdings") appeals the Order dated April 16, 2007 denying the Motion of Onex Holdings for an Order Reopening Chapter 11 Case for Limited Purpose entered by United States Bankruptcy Court for the District of Delaware, Judge Kevin Gross, a copy of which is attached hereto as Exhibit A.

The names of all the parties to the order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| PARTY | ATTORNEYS |
|---|---|
| Counsel for Onex American Holdings, LLC | Mark E. Felger<br>Jeffrey R. Waxman<br>Cozen O'Connor<br>Chase Manhattan Centre, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-2000<br><br>-and-<br><br>Alan W. Kornberg<br>Maria T. Vullo<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: (212) 373-3000 |

| **PARTY** | **ATTORNEYS** |
|---|---|
| Counsel for Richard M. Kipperman, Trustee of the Magnatrax Litigation Trust | Christopher P. Simon<br>Cross & Simon, LLC<br>913 N. Market Street, 11th Floor<br>Wilmington, DE 19801<br>(302) 777-4224<br><br>-and-<br><br>Peter W. Ito<br>Baker & Hostetler LLP<br>303 E. 17th Avenue, Suite 1100<br>Denver, CO 80203<br>(303) 861-7805<br><br>-and-<br><br>Catherine L. Steege<br>Joel T. Pelz<br>Peter A. Siddiqui<br>Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>(312) 840-7352 |

Dated: April 26, 2007

COZEN O'CONNOR

*/s/ signature/*

Mark E. Felger (No. 3919)
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000

- and -

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Alan W. Kornberg
Maria T. Vullo
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Counsel for Onex American Holdings, LLC*

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNATRAX CORPORATION, | ) | Case No. 03-11402(KG) |
| | ) | |
| Reorganized Debtor. | ) | **Re: D.I. 1762** |

## ORDER RE MOTION OF ONEX AMERICAN HOLDINGS, LLC, FOR ORDER REOPENING CHAPTER 11 CASE FOR LIMITED PURPOSE AND MOTION FOR ORDER ENFORCING CHAPTER 11 PLAN

WHEREAS:

1. On April 13, 2007, the Court heard argument on the Motion of Onex American Holdings, LLC, for Order Reopening Chapter 11 Case for Limited Purpose (D.I. 1739) ("the Motion to Reopen"); and to a limited extent as it related to the Motion to Reopen, the Motion of Onex American Holdings, LLC for Order Enforcing Chapter 11 Plan (D.I. 1737) ("the Motion to Enforce") (collectively, "the Motions").

2. The Motions brought by Onex American Holdings, LLC ("Onex") arise from litigation brought against Onex and others by the Trustee for the Magnatrax Litigation Trust ("the Trust"), which was created pursuant to Debtors' Fifth Amended and Restated Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (D.I. 478) ("the Plan") and the Order confirming the Plan which this Court entered on November 17, 2003 (D.I. 694)("the Confirmation Order").

3. The Court entered a Final Decree closing the Chapter 11 case on November 8, 2006 (D.I. 1713).

4. Under the Plan, causes of action were assigned to the Trust whose beneficiaries include those unsecured creditors who elected to become beneficiaries and who funded the

Trust's expenses by contributing a portion of their distributions under the Plan. The claims in the bankruptcy case of the Trust's beneficiaries total approximately $12 million.

5. The Trust brought suit against Onex Corporation and affiliates which is pending in the United States District Court for the Northern District of Georgia ("the Litigation" and "the District Court") in which the Trust seeks damages of $600 million.

6. Onex now seeks to reopen the Chapter 11 case for the limited purpose of enabling the Court to consider the Motion to Enforce, in which Onex argues that the Trust's effort to recover $600 million in the Litigation violates the Plan and the Confirmation Order. The stated grounds for the Motion to Enforce are, in short, that by seeking $600 million in the Litigation, the Trust violates the absolute priority rule since such a recovery would result up to 50 times the Trust beneficiaries' claims when the Plan was "crammed down" on Onex and other equity holders in violation of 11 U.S.C. 1129(b).

7. The Litigation is proceeding and the District Court issued a lengthy opinion on motions to dismiss whereby the District Court dismissed some counts and sustained others. In connection with the motions to dismiss, Onex and the other defendants contested the Trust's ability to recover in excess of $600 million on behalf of creditors holding approximately $12 million in claims. The District Court ruled that (Opinion at 15):

> Finally, Defendants [Onex] ask this court to rule that [the Trust] is entitled only to recover the amount of injury to the creditors who opted into the [Trust]. This court declines to narrow the case on the issue of recovery at this time. Whether, under bankruptcy principles, a plaintiff representing a class of unsecured creditors has or does not have the right to recover more than the amount of the actual damages of those unsecured creditors is an issue that is better determined after liability issues.

8. Onex does not seek a ruling that the Trust violated the Plan by filing the Litigation but, rather, that the violation consists of its seeking $600 million or an amount in excess of the Trust beneficiaries' claims. However, as the District Court ruled implicitly if not directly, the serious issues Onex has raised may never be ripe for decision because the Trust first must obtain a judgment in an amount Onex believes would violate the Plan. The "if and when" of such a result establishes that a decision on the Motion to Enforce would be premature.

9. Onex already raised the ability of the Trust to seek an amount in excess of the dollar amount of the Trust beneficiaries' claims with the District Court. It is inappropriate for the Court to interfere with the District Court's disposition of the Litigation

IT IS THEREFORE ORDERED THAT in the exercise of its discretion, the Court denies the Motion to Reopen without prejudice on the ground that the issues Onex raises are not ripe for adjudication. A decision on the Motions would constitute an ill-advised advisory opinion and would interfere with the jurisdiction of the District Court in violation of the principle of comity and contrary to the best interests of justice. *In re Zinchiak*, 406 F.3d 214, 225 (3d. Cir. 2005) (the decision to reopen is within the Court's discretion and an important consideration is the pendency of another litigation).

Dated: April 16, 2007

_____
Kevin Gross, U.S.B.J.

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

## APPEAL TRANSMITTAL SHEET

Case Number: _____    ○ BK    ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
       Docket Number: _____    Date Entered: _____

Item Transmitted:   ○ Notice of Appeal         ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal ○ Cross Appeal
         Docket Number: _____    Date Filed: _____

*Appellant/Cross Appellant:                  *Appellee/Cross Appellee
_____      _____
Counsel for Appellant:                        Counsel for Appellee:
_____      _____
_____      _____
_____      _____
_____      _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ○ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ○ No
   If so, has District Court assigned a Civil Action Number?   ○ Yes  ○ No   Civil Action # _____

Additional Notes:
_____

_____          By: _____
Date                                          Deputy Clerk
_____
                                          FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06