## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONEX AMERICAN HOLDINGS, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-cv-263-UNA |
| | ) | |
| RICHARD M. KIPPERMAN, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNATRAX CORPORATION, | ) | Case No. 03-11402 (KG) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

### MOTION OF ONEX AMERICAN HOLDINGS, LLC FOR
### LEAVE OF REQUIREMENTS OF DISTRICT COURT STANDING
### ORDER, DATED JULY 23, 2004, REQUIRING MANDATORY
### PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL

Onex American Holdings, LLC ("Appellant"), by and through its undersigned counsel,

Cozen O'Connor and Paul, Weiss, Rifkind, Wharton & Garrison LLP, respectfully submits this

Motion (the "Motion") for entry of an Order granting the above-captioned parties leave from the

Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy

Court for this District, dated July 23, 2004 (the "Mediation Order"), and states as follows:

### BACKGROUND

1.    On March 12, 2007, Appellant filed its motion (the "Motion to Enforce") for an

Order Enforcing Chapter 11 Plan.  (D.I. 2 (citing Bankr. D.I. 1737).)  The Motion to Enforce

seeks an order enforcing the Fifth Amended and Restated Joint Plan of Reorganization Under

Chapter 11 of the Bankruptcy Code (the "Plan") of Magnatrax Corporation and its affiliated

debtors with respect to the Magnatrax Litigation Trust created under the Plan and the litigation trustee thereof. The Motion to Enforce raises no factual issues; it seeks enforcement of the Plan as a matter of law.

2.    On March 14, 2007, Appellant filed its motion (the "Motion to Reopen," and, together with the Motion to Enforce, the "Bankruptcy Motions") for an Order To Reopen this Chapter 11 Case for the Limited Purpose of Hearing the Motion to Enforce.  (D.I. 2 (citing Bankr. D.I. 1739).)

3.    On April 16, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Reopen Order") denying the Motion to Reopen.  (D.I. 1.)  The Bankruptcy Court reasoned "that the issues Onex raises [in the Motion to Enforce] are not ripe for adjudication" and that a decision on the Bankruptcy Motions "would constitute an ill-advised advisory opinion and would interfere with the jurisdiction of the [United States District Court for the Northern District of Georgia] in violation of the principle of comity and contrary to the best interests of justice."  (Reopen Order at 3 (citation omitted).)

4.    On April 26, 2007, the Appellant timely filed its Notice of Appeal (the "Appeal"). (D.I. 1.)

5.    On May 16, 2007, the Clerk of this Court issued its Notice of Docketing referring the Appeal to mediation pursuant to the Mediation Order.  (D.I. 3.)

### Relief Requested

6.    Appellant seeks an order[1] excusing the above-captioned parties from application of the Mediation Order because mediation is inappropriate since the sole issue on Appeal –

---

[1]    A proposed form of Order is attached as Exhibit A.

whether the Bankruptcy Motions are ripe for adjudication – is one that only this Court can decide.

**Argument**

7.    The sole issue on Appeal is whether the Bankruptcy Court erred as a matter of law in denying as not "ripe for adjudication" Appellant's Motion to Reopen for the limited purpose of considering Appellant's Motion to Enforce.  This issue requires a determination of the Bankruptcy Court's subject matter jurisdiction, which can be resolved only by this Court and not by a mediator.

8.    Ripeness addresses whether a federal court has subject matter jurisdiction to adjudicate a dispute. *Philadelphia Fed'n of Teachers* v. *Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (ripeness determines whether a case or controversy exists sufficient to allow federal courts to adjudicate the matter pursuant to their limited jurisdiction); *Travelers Ins. Co.* v. *Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) (ripeness "determines when a proper party may bring an action") (citation omitted); *Official Comm. of Asbestos Claimants* v. *Bank of New York* (*In re G-I Holdings, Inc.*), 318 B.R. 66, 74-75 (Bankr. D.N.J. 2004) (same).  Accordingly, ripeness is purely an issue of law.  *Sikirica* v. *Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (applying plenary review of court's subject matter jurisdiction since it is an issue of law); *Samuel-Bassett* v. *KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (same).

9.    Moreover, "subject matter jurisdiction 'cannot be conferred by consent' of the parties." *Binder* v. *Price Waterhouse & Co., LLP* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 161 (3d Cir. 2004) (quoting *Coffin* v. *Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir. 1996); *In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr. D. Del. 1999), *aff'd*, 2000 WL 1425751 (D. Del. Sept. 12, 2000), *aff'd*, 279 F.3d 226 (3rd Cir. 2002).  Thus, even if the parties reached agreement concerning the Bankruptcy Court's jurisdiction during the course of mediation, it

would not resolve the issue on Appeal.  Therefore, the parties should not be required to devote time or resources to a process that cannot provide the requested relief.  Because only this Court can adjudicate the Appeal, only this Court should hear it.

WHEREFORE, Appellant respectfully requests that the Court (i) enter an Order granting the above-captioned parties leave from application of the Mediation Order and (ii) granting Appellant such other relief as the Court deems just and proper.

Dated:  May 18, 2007

COZEN O'CONNOR

_____

Mark E. Felger (No. 3919)
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000

- and -

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Alan W. Kornberg
Maria T. Vullo
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Counsel for Appellant, Onex American Holdings, LLC*

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| ONEX AMERICAN HOLDINGS, LLC, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civil Action No. 07-cv-263-UNA |
| | ) |
| RICHARD M. KIPPERMAN, | ) |
| | ) |
| Appellee. | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| MAGNATRAX CORPORATION, | ) Case No. 03-11402 (KG) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

## ORDER EXCUSING THE PARTIES FROM THE
## MEDIATION REQUIREMENTS OF DISTRICT
## COURT STANDING ORDER, DATED JULY 23, 2004

Upon consideration of the Motion (the "Motion") of Onex American Holdings, LLC for an Order granting the above-captioned parties leave from the Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District, dated July 23, 2004 (the "Mediation Order"), with due notice having been given and all interested parties having been given an opportunity to be heard, and based upon the record in this chapter 11 case, it is hereby ORDERED as follows:

1.    The Motion is GRANTED.

2.    The above-captioned parties are excused from the mediation requirements of the Mediation Order.

Dated: May ___, 2007        _____
                            United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| ONEX AMERICAN HOLDINGS, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil Action No. 07-cv-263-UNA |
| ) | |
| RICHARD M. KIPPERMAN, ) | |
| ) | |
| Appellee. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| MAGNATRAX CORPORATION, ) | Case No. 03-11402 (KG) |
| ) | |
| Reorganized Debtor. ) | |

### CERTIFICATE OF SERVICE

I, Jeffrey R. Waxman, certify that I am not less than 18 years of age, and that service of the *Motion of Onex American Holdings, LLC for Leave of Requirements of District Court Standing Order, Dated July 23, 2004, Requiring Mandatory Participation in Mediation Proceedings on Appeal* was made on May 18, 2007 upon the parties listed below in the manner indicated.

### HAND DELIVERY

Richard L. Schepacarter, Esquire
Office of the United States Trustee
844 North King Street, Suite 2207
Wilmington, DE 19801

Christopher P. Simon, Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
Wilmington, DE 19801

Joel A. Waite, Esquire
Matthew Lunn, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

## FIRST CLASS MAIL

Peter W. Ito, Esquire
Baker & Hostetler LLP
303 E. 17th Avenue, Suite 1100
Denver, CO 80203

Andrew Kress, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Catherine L. Steege, Esquire
Joel T. Pelz, Esquire
Peter A. Siddiqui, Esquire
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated:  May 18, 2007

COZEN O'CONNOR

Jeffrey R. Waxman (No. 4159)

2