IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MAGNATRAX CORPORATION, | ) Bank. No. 03-11402 (KG) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| ONEX AMERICAN HOLDINGS, LLC, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civ. No. 07-263-SLR |
| | ) |
| RICHARD M. KIPPERMAN, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2008, having reviewed the papers filed in

connection with the above captioned bankruptcy appeal;

IT IS ORDERED that the appeal is denied and the order of the bankruptcy court

dated April 16, 2007 is affirmed, for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the

bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues

on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint

Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With

mixed questions of law and fact, the court must accept the bankruptcy court's "finding of

historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of

the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** Under the Fifth Amended and Restated Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of debtor Magnatrax Corporation ("the Plan"), confirmed by order of the bankruptcy court dated November 17, 2003, the Magnatrax Litigation Trust ("the Trust") was created. Causes of action were assigned to the Trust when unsecured creditors elected to become beneficiaries thereunder by funding the Trust's expenses through contributing a portion of their distributions under the Plan. The claims in the bankruptcy case of the Trust's beneficiaries total approximately $12 million. The Trust brought suit seeking $600 million against appellant Onex American Holdings LLC ("Onex American")[1] and affiliates, which suit is currently pending in the United States District Court for the Northern District of Georgia ("the Georgia Litigation").

3. Onex American sought to reopen the Chapter 11 case for the limited purpose

---

[1]Apparently Onex American no longer exists and, in fact, has not been in existence for almost five years. Months after the bankruptcy court's decision and the instant appeal, Onex Corporation filed a motion to intervene as "an aggrieved party." (D.I. 15) Given the court's ruling infra, the motion will be denied as moot.

of enabling the bankruptcy court to consider the question of whether the Trust's efforts

to recover $600 million in the Georgia Litigation violates the Plan and the confirmation

order. More specifically, Onex American argues that the Trust is violating the absolute

priority rule through its efforts in the Georgia Litigation since such a recovery would

result in up to 50 times the Trust beneficiaries' claims when the Plan was "crammed

down" on Onex American and other equity holders, all in violation of 11 U.S.C. §

1129(b).

4. The bankruptcy court concluded that the above issue had already been

raised in the Georgia Litigation through motions to dismiss. The district court in the

Georgia Litigation dismissed some counts and sustained others, but declined

> to narrow the case on the issue of recovery at this time. Whether,
> under bankruptcy principles, a plaintiff representing a class of
> unsecured creditors has or does not have the right to recover more
> than the amount of the actual damages of those unsecured creditors
> is an issue that is better determined after liability issues.

(D.I. 14, tab 2 at 2) Because Onex American did not seek a ruling that the Trust

violated the Plan by filing the Georgia Litigation per se, only by seeking more than the

$12 million worth of claims represented by the Trust's beneficiaries, the bankruptcy

court concluded that the issue raised by Onex American was not ripe for adjudication

and denied the motion to reopen without prejudice.

5. **Conclusion.** The court finds no error of law in the bankruptcy court's order.

Because there has been no adjudication in the Georgia Litigation allowing the

requested $600 million recovery, there are no "aggrieved parties" with respect to this

3

issue.[2]  As further noted by the bankruptcy court, a decision on the issue in the context of a closed bankruptcy proceeding would "interfere with the jurisdiction" of the district court in the Georgia Litigation, "in violation of the principle of comity and contrary to the best interest of justice.  In re Zinchiak, 406 F.3d 214, 225 (3d Cir. 2005)."  (Id. at 3)

United States District Judge

---

[2]The court notes that the burden of discovery will be the same, regardless of the amount of damages sought.

4